NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000901
07-MAR-2014
08:09 AM**

NO. CAAP-12-0000901

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


In the Matter of

INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES,
PAINTERS LOCAL UNION 1791, AFL-CIO,
Union/Plaintiff-Appellant,
v.
ENDO PAINTING SERVICE, INC. (2011-016),
Employer/Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPECIAL PROCEEDING NO. 12-1-0250)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Union/Plaintiff-Appellant International Union of
Painters and Allied Trades, Painters Local Union 1791, AFL-CIO
(**IUPAT**) appeals from the September 26, 2012 post-judgment "Order
Denying [IUPAT's] Motion for Show Cause Order and For Civil
Contempt Filed on August 8, 2012" entered in the Circuit Court of
the First Circuit[1] (**circuit court**).

---

[1] The Honorable Karl K. Sakamoto presided.

IUPAT contends the circuit court reversibly erred by failing to conclude that Employer/Defendant-Appellee Endo Painting Service, Incorporated's[2] (**Endo Painting**) statement that it would produce circuit court-ordered documents after disposition of Endo Painting's appeal and motion to stay pending appeal, and its non-production of these documents constituted civil contempt.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude IUPAT's appeal is without merit.

IUPAT contends the circuit court reversibly erred by denying IUPAT's August 8, 2012 post-judgment "Motion for Show Cause Order and For Civil Contempt" because: (1) the finding of "no significant" evidence of civil contempt contradicts IUPAT's presentation of a prima facie case of civil contempt; (2) proof of intent to violate the June 29, 2012 Order was not required to conclude that Endo Painting's conduct rose to the level of civil contempt; and (3) Endo Painting's filing of a motion for a stay pending appeal and notice of appeal did not excuse its compliance with the June 29, 2012 order.

IUPAT's contentions of circuit court error do not rise to a level evincing an abuse of discretion. See Wahba, LLC v. USRP (Don), LLC, 106 Hawai'i 466, 472, 106 P.3d 1109, 1115 (2005). "An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a

---

[2] Endo Painting's answering brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(1) by omitting a subject matter index and table of authorities. Counsel for Endo Painting are warned. Future noncompliance with HRAP Rule 28(b) may result in sanctions.

party litigant." Id. (internal quotation marks and citations omitted).

A prima facie showing of civil contempt is demonstrated "by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order." LeMay v. Leander, 92 Hawai'i 614, 625, 994 P.2d 546, 557 (2000) (citations omitted). The June 29, 2012 Order was in effect; the order required Endo Painting to comply with certain provisions of the Agreement; and Endo Painting had not complied with the order as of the August 8, 2012 filing of IUPAT's civil contempt motion. Whether these facts constitute clear and convincing evidence of Endo Painting's civil contempt, however, was committed to the circuit court's discretion and the circuit court was not convinced that these facts clearly added up to a case of civil contempt.

IUPAT contends a July 23, 2012 letter from Endo Painting written in response to the accounting firm of Lemke, Chinen, & Tanaka, C.P.A., Inc. (**LCT**), who had contacted Endo Painting to arrange for their review of Endo Painting's payroll accounts, foreperson's daily logs, and other supporting documents evinces Endo Painting's failure to comply with the June 29, 2012 Order. In that letter, Endo Painting wrote:

> An appeal from the aforesaid order is being filed, a copy of which should be delivered to [IUPAT's counsel] shortly. In addition, a motion to stay the order pending the appeal will also be filed. Accordingly, Endo [Painting] will be in contact with LCT after a final ruling on the motion for stay has been entered.

Endo Painting stated that it suggested to LCT that Endo Painting could provide documents in compliance with the circuit court order after a decision on Endo Painting's appeal and motion for stay pending appeal had been rendered, and Endo Painting

"never got any kind of objection to that proposal from [IUPAT] or the accountants."

Endo Painting's statements may reasonably be interpreted to indicate Endo Painting's knowledge that it was or was not acting in compliance with the June 29, 2012 Order. While a knowing or intentional state of mind is immaterial when determining civil contempt violations due to its remedial purpose, facts showing that an alleged-contemnor lacked knowledge that he or she was violating an order may support a finding of a diligent attempt to comply with that order. See LeMay, 92 Hawai'i at 626, 994 P.2d at 558 (holding that an alleged-contemnors' lack of knowledge that they were violating an injunction, and their good faith belief that they were not, supported a conclusion that alleged-contemnors had diligently attempted to comply with the injunction).

IUPAT contends LeMay is inapplicable to the instant case because Endo Painting knew the scope of documents sought and that they had not produced the requested documents. IUPAT misreads the significance of LeMay to the instant case. Under LeMay, the circuit court could consider Endo Painting's knowledge of its (non)compliance with the June 29, 2012 Order in determining whether Endo Painting's actions were of a civil contempt character. See LeMay, 92 Hawai'i at 621, 994 P.2d at 553 ("[C]ivil contempt may be characterized as a court's desire to compel obedience to a court order[.]"). The circuit court concluded that it "does not see this [case] as rising to a civil contempt nature[.]" This conclusion, considering Endo Painting's representations that it intended to comply with the June 29, 2012 Order, did not clearly exceed the bounds of reason so as to constitute a reversible abuse of discretion.

Therefore,

IT IS HEREBY ORDERED that the September 26, 2012 "Order

4

Denying Union's Motion For Show Cause Order and For Civil Contempt Filed on August 8, 2012" entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 7, 2014.

On the briefs:

Herbert R. Takahashi
Rebecca L. Covert
Davina W. Lam
(Takahashi and Covert)
for Union/Plaintiff-Appellant.

Cid H. Inouye
Kristi L. Arakaki
(O'Connor Playdon & Guben)
for Employer/Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge